

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12

EDWARD JONES,
CDCR #K-52736

13

                                    Plaintiff,

14
15

                vs.

16
17

CORRECTIONAL COUNSELOR
NICHOLS,

18
19

                                    Defendant.

20
21

Case No.    12cv1039 BTM (BLM)

**ORDER:**

**(1) GRANTING  DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO
FED.R.CIV.P. 12(b)(6); and**

**(2) DENYING PLAINTIFF"S
MOTION FOR APPLICATION FOR
PRELIMINARY INJUNCTION**

**(ECF Nos. 10, 15)**

22      Currently before the Court is Defendant's  Motion to Dismiss Plaintiff's Complaint

23  pursuant to Federal Rules of Civil Procedure 12(b)(6).  (ECF No. 10.)    Plaintiff has filed an

24  Opposition to Defendant's Motion to Dismiss (ECF No. 11) to which Defendant has filed a

25  Reply (ECF No. 12.)   In addition, Plaintiff has filed a "Motion for Application for Preliminary

26  Injunction."  (ECF No. 15.)

27  / / /

28  / / /

## I.     Plaintiff's Factual Allegations

In 2010, Plaintiff was housed at Centinela State Prison ("CEN").[1]  (*See* Compl. at 1, 3.)
On April 2, 2010, Plaintiff was issued a Rules Violation Report ("RVR") in which he was
charged with "conspiracy to traffic a controlled substance into a state prison with the intent to
distribute."  (*Id.* at 3.)  This matter was referred to the District Attorney's Office who chose not
to officially charge Plaintiff.  (*Id.*)  While these disciplinary charges were pending at CEN,
however, Plaintiff's right to have family visits was suspended.  (*Id.*)  On September 23, 2010,
Plaintiff was found "not guilty" of these charges at a prison disciplinary hearing.  (*Id.*)

Following this ruling, the Unit Classification Committee ("UCC") reinstated Plaintiff's
family visit privileges.  (*Id.* at 4.)   Plaintiff was also returned to general population from
administrative segregation ("Ad-Seg.") (*Id.*)  Upon his return to general population, Plaintiff was
assigned Defendant Nichols as his correctional counselor.  (*Id.*)  Defendant Nichols reviewed
Plaintiff's central file and informed him that she "would be taking him back to classification"
to request that the UCC revoke Plaintiff's family visit privileges.  (*Id.*)  Defendant Nichols later
became "Acting Correctional Counselor Supervisor" and brought Plaintiff's visitation privileges
to the UCC.  (*Id.*)  Plaintiff alleges that with this new position, Defendant Nichols "had final say
in Institutional Classification matters."  (*Id.*)  Although the committee was presented with the
same documentation as the previous classification hearing where Plaintiff's visiting privileges
were restored, Plaintiff claims that Defendant Nichols presented new statements to the
classification committee.  (*Id.* at 5-6.)  Specifically, Plaintiff alleges Defendant Nichol told the
classification committee that "Plaintiff threw a rock through the back of a vehicle window
causing it to shatter glass on everyone in the vehicle including the minor child in the back seat
nineteen years ago."  (*Id.* at 6.)  Plaintiff claims that event never happened and there was no
evidence that he had ever been arrested or charged with this crime.  (*Id.*)  Plaintiff also alleges
that he was never arrested or charged with any crimes that would disqualify him from receiving
family visits.  (*Id.* at 9.)

---

[1] Plaintiff has since filed a notice of change of address indicating that he is currently housed at
the Richard J. Donovan Correctional Facility.  (ECF Nos. 6, 7)

**II.     Defendant's Motion to Dismiss**

      **A.     Defendant's Arguments**

Defendant seeks dismissal of Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) on the grounds that:  (1) Plaintiff fails to state a Fourteenth Amendment due process claim; and (2) Plaintiff fails to state an Eighth Amendment claim.  (*See* Def's Not. of Mtn to Dismiss at 1-2.)

      **B.     FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972).  Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

/ / /

/ / /

## C.    Application to Plaintiff's Complaint

### 1.    Fourteenth Amendment Due Process Claim

Plaintiff does not seek money damages in this matter but rather he is seeking injunctive relief to restore his privilege of family visits. (*See* Compl. at 19.) Plaintiff claims that Defendant Nichols failed to follow the prison regulation governing the privilege of family visitation.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. CONST. AMEND. XIV.  The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974) In order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983).

Both the Ninth Circuit and the Supreme Court have held that the Due Process clause itself does not guarantee a right of unfettered visitation. *Dunn v. Castro*, 621 F.3d 1196, 1201 (9th Cir. 2010).  "The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (internal citations omitted); *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (upholding two year ban on visitation on due process grounds).

While a liberty interest can arise from state law or prison regulations, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. at 484.

Plaintiff does not challenge the constitutionality of the prison visitation regulation, instead he challenges Defendant's interpretation of this regulation. (*See* Pl.'s Opp'n to Def's Mtn at 8.) Defendant argues that Plaintiff is unable to state a claim as he is unable to identify an "atypical

1   and significant hardship" as it relates to the "ordinary incidents of prison life" as required by

2   *Sandin*.  (Def's Memo of Ps & As in Supp. of MTD at 8.)  While the right to visitation or

3   freedom of association is not "altogether terminated by incarceration" it is expected that "some

4   curtailment of that freedom" will happen in the prison context.  *Overton*, 539 U.S. at 131-32.

5   The Supreme Court has found that the "withdrawal of visitation privileges for a limited time"

6   is not a "dramatic departure from accepted standards for conditions of confinement." (*Id.* citing

7   *Sandin*, 515 U.S. at 485.)

8        Here, it simply is not clear whether Plaintiff's family visitation privileges have been

9   permanently barred, whether he is allowed some visitation but not allowed overnight visitation

10  or whether the denial of visitation is temporary.  The Ninth Circuit has held that "it is well-

11  settled that prisoners have no constitutional right while incarcerated to contact visits." *Gerber*

12  *v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc).  To the extent that Plaintiff is seeking

13  reinstatement of overnight visits, he cannot plead facts to show that the denial of this privilege

14  of overnight visits would be "atypical and significant" to the "ordinary incidents of prison life."

15  *Sandin*, 515 U.S. at 485; *see also Dunn*, 621 F.3d at 1201.  However, to the extent that Plaintiff

16  has received a permanent ban on all family visitation, which is not clear from the Complaint,

17  Plaintiff may be able to allege that a permanent ban is atypical and significant.  *Overton*, 539

18  U.S. at 137 ("If the withdrawal of all visitation privileges were permanent or for a much longer

19  period, . . . the case would present different conclusions.")

20       Thus, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Fourteenth

21  Amendment due process claims but will permit Plaintiff leave to file an Amended Complaint.

22              2.   Eighth Amendment claims

23       Defendant moves to dismiss Plaintiff's Eighth Amendment claims.  (*See* Def's Memo of

24  Ps & As in Supp. of MTD at 8-9.)  Plaintiff's Eighth Amendment claims are based on the same

25  set of facts set forth in support of his Fourteenth Amendment claims.  The Supreme Court found

26  in *Overton*, that the prison regulation used to deny an inmate family visitation did not "create

27  inhumane prison conditions, deprive inmates of basis necessities, or fail to protect their health

28  or safety." *Overton*, 539 U.S. at 137.  Moreover, the Supreme Court held that the regulation

governing family visitation does not involve "the infliction of pain or injury, or deliberate indifference to the risk that might occur." (*Id.*); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family on Eighth Amendment grounds). Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Eighth Amendment claims without leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

## III.    Motion for Preliminary Injunction

Plaintiff has filed a Motion for Preliminary Injunction seeking a court order "blocking the Defendant and the Department of Corrections from denying his family visits until this Court has adjudicated this matter." (Pl.'s Mtn for Prelim. Inj. (ECF No. 15) at 1.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The burden of establishing entitlement to equitable relief lies squarely with the Plaintiff. *See, e.g., San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("As the part[y] invoking federal jurisdiction, plaintiff[] bear[s] the burden of establishing [his] standing to sue ... [and if the] plaintiff[] seek[s] declaratory and injunctive relief ..., there is a further requirement that [he] show a very significant possibility of future harm.").

At this stage of the proceedings, Plaintiff's entire action has been dismissed so his request is moot. Moreover, "[a] preliminary injunction is an extraordinary remedy  never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374 (citations omitted). An injunction "may only be awarded upon a clear

showing that the plaintiff is entitled to relief." *See id.* at 376 (quotation omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" *or* that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)). Here, as stated above, Plaintiff's claims for family visitation does not have a "probable success on the merits." *Id.* The Due Process Clause does not guarantee a right of unfettered visitation. *Kentucky Dep't of Corrections ,* 490 U.S. at 460-61.

In addition, Plaintiff appears to raise for the first time a claim of retaliation against Defendant Nichols. In the event that Plaintiff is attempting to add this claim, the Court also finds that, as currently alleged, Plaintiff is unlikely to prevail on this claim. In his declaration, Plaintiff suggests Defendant Nichol retaliated against him because he was charged with a rules violation. (*See* Pl.'s Decl. (ECF No. 15) at 4.) In order to properly allege a retaliation claim, Plaintiff must allege facts sufficient to show that: (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him. *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004). It is not clear to the Court how the fact that Plaintiff was charged with a disciplinary violation demonstrates that he was retaliated against for exercising his constitutional rights. Thus, it is unlikely that Plaintiff would prevail on a retaliation claim against Defendant Nichols based on the allegations set forth in his Motion.

For all these reasons, Plaintiff's Motion for Preliminary Injunction is **DENIED** without prejudice.

## IV. Conclusion and Order

Based on the foregoing, the Court hereby:

(1) **GRANTS** Defendant Nichol's Motion to Dismiss pursuant to FED.R.CIV.P.

12(b)(6) (ECF No. 10).  Plaintiff has forty five (45) days from the entry of this Order to file a First Amended Complaint to correct the deficiencies of pleading identified in the Court's Order. If Plaintiff chooses to file a First Amended Complaint it must be complete in itself without reference to his previous Complaint.  Defendants not named and all claims not re-alleged in the First Amended Complaint will be deemed to have been waived.

> **IT IS FURTHER ORDERED that:**

> (2)     Plaintiff's Motion for Preliminary Injunction (ECF No. 15) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:  April 18, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

8                                      12cv1039 BTM (BLM)